

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

June 5, 2023

**via ELECTRONIC FILING**
Hon. Lorna G. Schofield
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    *Trevor Shapiro and Johanna Qvist v. Trudy Jacobson and Stephen Komorek*
            Docket No.: 23-CV-3964 (LGS)

Dear Judge Schofield:

      This office represents Trudy Jacobson, one of the defendants in the above-referenced action.  Pursuant to Rule III(C)(2) of Your Honor's Individual Rules and Procedures for Civil Cases, we are writing to supply a pre-motion letter and proposed briefing schedule for a motion to dismiss that we anticipate filing in this action.  What follows is a brief recitation of the reasons why the pleadings fail to state a cause of action, followed by a proposed timetable to allow our office and plaintiffs' counsel to address the issues raised herein more extensively.

      The complaint in this case asserts two civil RICO claims—including one alleged RICO conspiracy—as well as causes of action for tortious interference with business relations, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Even assuming the truth of the allegations, however, none of these causes of action is viable, either because they violate the pertinent statutes of limitations or because they allege conduct that does not support the legal claims asserted.  For these reasons, set forth more fully below, we respectfully request a briefing schedule to litigate the viability of his action on the pleadings.

      **I.    The Complaint Does Not State A Cause of Action for Civil RICO.**

      The essence of the RICO theory against Ms. Jacobson is that she hired private investigators to engage in a campaign of harassment and defamation against the plaintiffs, and that the instances of defamation that emerged from this campaign amounted to mail and wire fraud because they made misrepresentations to the general public about the plaintiffs' background and character.  *See, e.g.,* Complaint at ¶¶48 (listing the alleged predicate acts, all of which comprise alleged defamation), 49 (referencing the "defamation campaign to destroy … reputations and livelihoods"), 61 (referencing the "defamation campaign").

      However, "[t]hough [plaintiff's counsel] has pleaded the predicate acts of mail fraud [and] wire fraud, … they are—at best—thinly clothed defamation claims." *Kimm v. Lee*, 2005 WL 89386, at \*4 (S.D.N.Y. 2005).  As this Court has recently reiterated, "courts typically reject efforts to shoehorn what are effectively defamation claims into the RICO framework, because it is firmly

established that defamation and many other similar allegations do not provide the requisite predicate for RICO violations." *Nygard v. Bacon*, 2021 WL 3721347 (S.D.N.Y. Aug. 20, 2021) (internal references omitted).

Applied here, dismissal of the RICO claims will be appropriate in this case in line with the types of pleadings that "courts typically reject"-- because they attempt to "shoehorn … defamation claims into the RICO framework." Indeed, this is true based upon the plaintiffs' own admissions. In identifying the "acts of racketeering" they list a series of allegedly defamatory statements they claim to be false—that "Shapiro was a 'Con Artist Gay Porn Star"; "a "male prostitute"; a "drunk" who "used drugs" and was a "violent" "thief"; that he was a "rat"; that he engaged in "human sex trafficking"; that he was "nothing more than a common criminal"; was a "working model"; that he had an "'affair with Victoria Pressley"; and that Plaintiff Qvist was a "'pornstar with a fake nursing career, who was paid to have sex with Shapiro in front of a 'client.'" *See* Complaint at ¶48. Plaintiffs even label the alleged RICO behavior a "defamation campaign." *See id*. at ¶61. Given that the one-year statute of limitations has clearly expired as to these alleged acts of defamation, the Plaintiffs may not shoehorn their way into federal court by converting defamation claims into a RICO enterprise.

## II.   The Tortious Interference with Business Relations Claim is Time-Barred.

With regard to tortious interference with business relations, "it is well settled that a plaintiff may not circumvent the one-year statute of limitations applicable to defamation actions by denominating the action as one for intentional interference with economic relations …, if, in fact, the claim seeks redress for injury to reputation." *Ent. Partners Grp., Inc. v. Davis*, 198 A.D.2d 63, 64 (1st Dept. 1993). *See also Katz v. Travelers*, 241 F. Supp.3d 397, 407 (E.D.N.Y. 2017) (collecting cases). In this arena, "New York law considers claims sounding in tort to be defamation claims[] not only where those causes of action seek damages only for injury to reputation but also where the entire injury complained of by plaintiff flows from the effect on his reputation." *Jain v. Securities Industry and Financial Markets Ass'n*, 2009 WL 3166684, at *9 (S.D.N.Y. 2009) (internal references omitted).

Thus in *Jain*, as here, the "gravamen of Plaintiff's alleged injury … [was] either harm to … reputation or harm that flows from the alleged effect on Plaintiff's reputation, such as her termination from [employment], the resulting loss of income and benefits, as well as the inability to find additional work." *Id*. Plaintiffs' rely upon this same phenomena in their Complaint: they suffered damages as a result of the "defamatory campaign," they say, as "Plaintiff Shapiro's modeling career was damaged when fashion designers and others within the fashion industry cancelled … 'photoshoots' … because they saw one or more of the … defamatory publications …, or were spoken to … by Defendants … and given false and defamatory information about Shapiro." *See* Complaint at ¶39. The defendants' "malicious campaign" in this case, the pleadings allege, was to "damage and destroy Plaintiffs' reputations" (Complaint at ¶91)—precisely where claims of this nature compel a statute of limitations of one year, which has now expired.

## III.   The Intentional Infliction of Emotional Distress Claim is Time-Barred.

The plaintiffs' claim for intentional infliction of emotional distress, too, is time-barred. "It is well-established under New York law that a claim for intentional infliction of emotional distress has a one-year statute of limitations." *Cabrera v. Quik Park Columbia Garage Corp.*, 2000 WL 1897348, at *1 (E.D.N.Y. 2000). In turn, "[w]hen applying the one year statute of limitations to

claims of intentional infliction of emotional distress, all acts occurring before the limitations period are excluded from consideration." *Mariani v. Consol. Edison Co. of New York*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997) (internal references omitted).

This exclusion of "all acts … before the limitations period" has a devastating effect on the claim in this case, because virtually all alleged activity in this case occurred—according to the pleadings themselves—between March 2021 and May 2, 2022. *See* Complaint at ¶¶15 ("March 2021"); 19 ("May 31, 2021"); 20 ("June 2021"); 21 ("July 9, 2021"); 23 ("June 19, 2021"); 25 ("July 4, 2021" and "August 12, 2021"); 26 ("July 27, 2021"); 27 ("July 30, 2021"); 28 ("August 2021"); 30 ("November 2021" and "summer of 2021"); 32 ("November 17, 2021"); 33 ("December 17, 2021"); 34 ("January 5, 2022"); 35 ("October 29, 2021"); 36 ("May 2, 2022"); 38 ("March 11, 2022").[1]

Without relying upon these allegations, the pleadings cannot meet the high bar of alleging a claim for intentional infliction of emotional distress—which requires a showing of conduct so "extreme" and "outrageous" that "of the intentional infliction of emotional distress claims considered by [the New York Court of Appeals], every one has failed because the alleged conduct was not sufficiently outrageous." *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115 (1993). By stripping the pleadings of nearly every allegation of wrongdoing, the statute of limitations thus bars this claim as a matter of law.

### IV. The Complaint Does Not State A Cause of Action for Negligent Infliction of Emotional Distress.

Finally, the negligent infliction of emotional distress claim fails because "[n]egligent infliction of emotional distress may not be based on intentional conduct." *Bermudez v. City of New York*, 2014 WL 11274759, at *11 (S.D.N.Y. 2014). While the allegations against Ms. Jacobson in this case would be proven false if the matter were litigated through trial, assuming their truth at this stage—as required—they allege purely intentional conduct, and thus cannot form a cause of action steeped in negligence.

--   --   --

For these reasons, which we will set forth in more detail in formal motion practice, we will respectfully request that the suit be dismissed. To allow the parties to brief the Court on these issues, we would request a briefing schedule as follows:

>   Due Date for Motion to Dismiss:  June 27, 2023;
>   Due Date for Opposition:  July 27, 2023; and
>   Due Date for Reply:  August 11, 2023.

Respectfully,

/s/ *Alexander Klein*
Alexander R. Klein, Esq.

---

[1] The only exception to the untimeliness of the allegations is an assertion at ¶42 that alleges an attempt to impersonate plaintiff Qvist on a phone call to Bank of America in order to procure her banking information.