# McCALLION & ASSOCIATES LLP
100 Park Avenue, 16th Floor
New York, New York 10017

Kenneth F. McCallion
Direct Dial: 1-646-366-0884
kfm@mccallionlaw.com

**via ECF**

June 9, 2023

Hon. Lorna G. Schofield
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

> Defendant Jacobson's contemplated motion to dismiss will be discussed at the conference scheduled for July 5, 2023. So Ordered.
>
> Dated: June 13, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:   *Trevor Shapiro and Johanna Qvist v. Trudy Jacobson and Stephen Komorek*
Docket No.: 23-CV-3964 (LGS)

Dear Judge Schofield:

My law firm is counsel for Trevor Shapiro and Johanna Qvist, Plaintiffs in the above-referenced action. I am writing in response to the pre-motion letter of Alexander R. Klein, counsel for Defendant Trudy Jacobson, dated June 5, 2023. Counsel for Defendant Jacobson argues that Plaintiffs' Complaint fails to state a cause of action for a number of reasons. As discussed below, each of the arguments is misplaced.

### I.   The Complaint States a Civil RICO Cause of Action

Defendant Jacobson argues that the RICO allegations against her are improper because the pleaded predicate acts of mail and wire fraud are "thinly clothed defamation claims." *Kimm v. Lee*, 2005 WL 89386, at *4 (S.D.N.Y. 2005). In *Kimm*, however, Judge Baer noted that "there is no indication in the pleadings that Kimm, Kimm's former clients, or anyone else relied upon the allegedly false statements." *Id.* at 4. By contrast, when such reliance is present, as in the instant case, a plaintiff's RICO claim will not be precluded. This analysis is confirmed in the decision of *Frydman v. Verschleiser*, 172 F. Supp. 3d 653, (S.D.N.Y. 2016), wherein the Court found that "[d]espite its broad language, *Kimm* is distinguishable because there was no allegation of reliance, whereas, in this case, the plaintiffs allege that Frydman's business associates did rely on the allegedly false representations and that, as a result, Frydman was deprived of money and property." *Id.* at 669.

Plaintiffs' Complaint in the instant action is replete with allegations of reliance upon fraudulent statements which deprived Plaintiffs of money and property, including; (a) when Joseph DeAcetis, a fashion designer in New York, cancelled a photoshoot with Plaintiff Shapiro upon being given false information by Defendant Jacobson; (b) when the publication and circulation by Defendant Jacobson of derogatory and defamatory stories about Plaintiff Shapiro, Cheyenne Lutek and the Him Eros company and website they were attempting to

build forced them to shut down their business; and (c) when Defendant Jacobson had Shapiro fired from a business where he worked, called "Cowboys4Angels", by falsely telling the owners of the business that Shapiro was also working at an "underground sex club." Complaint ¶s 39-40.

## II. The Tortious Interference with Business Relations Claim is not Time-Barred

Defendant Jacobson misinterprets the case law regarding the limitations periods relevant to defamation and tortious interference claims. It is correct to say the one-year statute of limitations for defamation claims may not be circumvented by denominating the action as intentional interference with economic relations "if, in fact, the claim seeks redress for injury to reputation." *Ent. Partners Grp., Inc. v. Davis*, 198 A.D.2d 63, 64 (1st Dept. 1993). However, and crucially, "for a tortious interference claim, there is a three-year statute of limitations 'where a complaint does not rely merely on generalized reputational harm, and instead relies on economic injury.'" *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 293 (E.D.N.Y. 2022) (quoting *Glob. Supplies NY, Inc. v. Electrolux Home Prod., Inc.*, No. 21-674, 2022 WL 815795, at *2 (2d Cir. Mar. 18, 2022)). As Plaintiffs' claim for tortious interference with business relations "is chiefly based on economic injury, not merely generalized reputational harm," the claim is properly within the three-year statute of limitations. *Glob. Supplies NY, Inc.*, 2022 WL 815795, at *2.

Plaintiffs have alleged distinct economic injuries separate and apart to the generalized reputational harm. For example, the Complaint alleges how "[o]ne such [cancelled photoshoot] occurred when Defendant Jacobson spoke directly [by telephone] to Joseph DeAcetis, a fashion designer in New York, who was given false and defamatory "information" by Defendant Jacobson about Shapiro, including false information that Shapiro was having an illicit "affair" with Vicky Press, who ran a modeling agency known to Mr. DeAcetis." Complaint ¶ 39. Similarly, the Complaint alleges how "Jacobson also managed to get Shapiro fired from a business where he worked, called "Cowboys4Angels," by falsely telling the owners of the business that Shapiro was also working at an "underground sex club." *Id.* at ¶ 40.

## III. The Intentional Infliction of Emotional Distress Claim is not Time-Barred

Contrary to the assertion of Defendant Jacobson, the application of the continuing tort doctrine serves to toll the statute of limitations on Plaintiffs' claim for intentional infliction of emotional distress. As explained by the Second Circuit, "under New York law, the statute of limitations on an IIED claim involving a continuous injury does not begin to run until the conduct ceases." *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016). The standard is simply that a plaintiff may "rely on wrongful conduct occurring more than one year prior to commencement of the action, so long as the final actionable event occurred within one year of the suit." *Shannon v. MTA Metro-N. R.R.*, 269 A.D.2d 218, 219 (1st Dept. 2000). See also *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 79 (S.D.N.Y. 2020) (finding that claims for IIED alleging a continuing pattern and practice of actionable behavior may invoke the continuing tort doctrine where the last actionable act of the alleged course of conduct falls within the statute of limitations).

Defendant Jacobson's last alleged tortious conduct occurred on November 18, 2022, when, upon information and belief, she phoned Bank of America [its Merrill Lynch division]

posing as Johanna Qvist. Complaint ¶ 42. Upon information and belief, Defendant Jacobson used Qvist's passcode, social security number and other confidential identifying information to acquire private information about Qvist's bank accounts. *Id.* As this final actionable event is well inside the one-year statute of limitations, Plaintiffs' claim for intentional infliction of emotional distress is timely.

### IV. The Complaint States a Cause of Action for Negligent Infliction of Emotional Distress

It is well-established under New York law that a party is entitled to plead in the alternative, or causes of action that may conflict. See CPLR 3014; *Man Advisors, Inc. v. Selkoe*, 174 A.D.3d 435 (1st Dept. 2019). Consequently, that some of Plaintiffs' claims are based on intentional conduct does not foreclose a claim for negligent infliction of emotional distress. For example, in the event that Defendant Jacobson argues that the conduct complained of was not intended to cause injury or harm to Plaintiffs Shapiro and Qvist, but rather to bring to light some opinion or alleged truth which Defendant Jacobson held regarding Plaintiffs, a claim for negligent infliction of emotional distress is a proper alternative claim.

For these and other reasons as will be outlined when the parties engage in motion practice on the issues, Plaintiffs believe that any request to dismiss their claims will ultimately be denied.

Plaintiffs have no objection to Defendant Jacobson's proposed briefing schedule.

Very truly yours,

*/s/ Kenneth F. McCallion*

Kenneth F. McCallion

cc: All counsel of record