McCALLION & ASSOCIATES LLP
100 Park Avenue, 16th Floor
New York, New York 10017
Fax: 1- 646-366-1384

Kenneth F. McCallion
Direct Dial: 1-646-366-0884
kfm@mccallionlaw.com

VIA ECF

June 27, 2023

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Trevor Shapiro et al v. Trudy Jacobson et al
23-cv-3964 (LGS)

Dear Judge Schofield:

This joint letter is being submitted pursuant to your order dated May 16, 2023.

1. **Brief Statement of the Nature of the Case**

    **a. Plaintiffs' Statement:**

    This civil RICO action against the above-captioned Defendants, seeking money damages for having used the money and resources of their racketeering enterprise, which included companies owned and controlled by the Defendants – including non-defendants Trans Am Trucking Inc., Jacobson Holdings, Inc, Jacobson and Press Talent Management, Conflict International, The Silent Marketing, LLC, Law Enforcement Today ("LET") and API International Consulting Group, Inc. ("API") – to engage in a racketeering campaign and conspiracy to harass, damage and defame Plaintiffs through a malicious campaign financed by Defendant Trudy Jacobson with money that she siphoned off from her family businesses, *i.e.,* Trans Am Trucking, Jacobson Holdings, Inc. and Jacobson and Press Talent Management, and in excess of $1.8 million. This action also seeks damages for tortious interference with business relations, intentional infliction of emotional distress, and negligent infliction of emotional distress.

    The major legal and factual issue is whether (a) the Defendants and various nondefendants constituted an association-in-fact racketeering Enterprise within the meaning of 18 U.S.C. § 1961(4), (b) the Defendants were associated with the Enterprise and, at the same time, were engaged in other activities which were separate and distinct from the Enterprise, and (c) whether, in furtherance of the Enterprise, the

Defendants engaged in two or more acts of racketeering by making, *inter alia,* misleading and/or fraudulent statements regarding the Plaintiffs with the intent of damaging their reputations and business interests, and (d) that said action caused Plaintiffs to suffer monetary damages.

(b) **Defendant Jacobson's Statement**:  This claims in this case are by alleged targets of a private investigation, who claim they were on the receiving end of false statements that damaged their reputations.  Because defamation claims would be time-barred, the plaintiffs have attempted to convert their claims into a RICO action and other claims they believe to have longer statutes of limitations.  None of these claims is valid legally or factually; the elements of the individual claims are not stated or factually present; the claims are time-barred; and the plaintiffs have not suffered damages.  Moreover, Ms. Jacobson's contract with the private investigations company includes indemnification and hold harmless language that would require the impleader of the third-party company in the event that the claims against Ms. Jacobson were not dismissed on the pleadings.

2-3.   **A Brief Statement As to the Basis of Subject Matter Jurisdiction and Venue**

(a). **Plaintiffs' Statement**

This Court has federal  subject-matter jurisdiction, pursuant to 28 U.S.C. § 1331, over the claims in this lawsuit since the claims arise under the Civil Rico statute, 18 U.S.C. § 1961 et seq. This Court has personal jurisdiction over Defendants because they conduct a substantial amount of their business within the District, and most of the acts complained of giving rise to the matter in controversy occurred within this District.

This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, and the parties are citizens of different states. Plaintiffs reside in New York; defendant Jacobson resides in Kansas; and defendant Komorek resides in Ohio.

This Court has supplemental jurisdiction to hear and decide relevant causes of action arising under the laws of the State of New York.

Venue is proper under 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(a), as Defendants' actions giving rise to the claims occurred in this District.

(b). **Defendant Jacobson's Statement**

If the federal RICO claim were dismissed without dismissal of the state law claims, further discovery would be needed to assess whether the matter in controversy exceeds $75,000.

4. **Motions**

Defendant Jacobson has filed a pre-motion letter contemplating a motion to dismiss all claims. Plaintiffs have responded to the pre-motion letter. The parties anticipate establishing a motion schedule at the initial conference.

5. **Description of Any Discovery That Has Taken Place**

There has been no discovery to date.

6. **A computation of each category of damages claimed.**

Plaintiffs are claiming both monetary and non-monetary damages to their businesses and reputation, arising from the civil RICO damages, as well as damages relating to defendants' tortious interference with their businesses, and intentional and/or negligent infliction of emotional distress and psychological damages arising from defendants concerted campaign over an extended time period to literally destroy them individually as well as the businesses they engaged in. Plaintiff has not yet retained a damages expert or economist to quantify those damages, but intends to do so.

7. **A statement describing the status of any settlement discussions.**

The parties have not engaged in any settlement discussions.

8. **Any other information that the parties wish to convey to the Court.**

In an abundance of caution, the parties have set forth a discovery schedule accompanying this letter. However, Defendant Jacobson proposes that in the interest of conserving judicial resources discovery be stayed pending a decision on the motion to dismiss.

Dated: New York, New York
June 27, 2023

McCallion & Associates LLP

*/s/ Kenneth F. McCallion*

_____
Kenneth F. McCallion
Attorneys for Plaintiffs
100 Park Avenue – 16th floor
New York, New York 10017
(646) 366-0884

Joined by:

*/s/ Alexander Klein*_____
Alexander Klein, Esq.