UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
_____

TREVOR SHAPIRO and JOHANNA QVIST,
Plaintiffs,

CASE# 1:23−cv−03964−LG

-against-

TRUDY JACOBSON and STEPHEN KOMOREK,

Defendants.
_____

## MOTION TO VACATE SERVICE

   Now comes the Defendant, Stephen Komorek, by and through Counsel, and Moves this Court to vacate and dismiss the Service filed by Attorney Kenneth McCallion on July 13, 2023, claiming perfected service on Defendant, Stephen Komorek on July 8, 2023, as well as sanctions and attorney fees for not amending false documents to the Court. Attorney Kenneth McCallion was advised of the errors during the alleged Service on two occasions. The first by email sent on July 13, 2023, and the second was hand delivered, in person by Special Process on July 23, 2023, demanding that Mr. McCallion withdraw the Notice of Service now that he was notified of the issues of false statements and illegal actions on the part of his process server.

    Wherefore, Defendant, Stephen Komorek, moves this Honorable Court to vacate the false and fraudulent service that has been filed by Attorney McCallion, plus sanctions, attorney fees and all other relief that is proper and appropriate by law.

Respectfully Submitted:

 /s/ William G. Knapp III

William G. Knapp III
Attorney at Law
2548 Blue Mountain Trail
Lyons, Colorado, 80540
WGJK3@aol.com

_____

## MEMORANDUM

On July 8, 2023 a Special Process Server hired by Attorney McCallion attempted for perfect Service on Defendant, Stephen Komorek. In doing so, the process server violated numerous criminal laws and civil violations, as outlined herein.

1) The service was attempted in Ohio, and according to laws in Ohio, all Special Process Servers must be registered to service documents in court cases. The process server hired by Attorney McCallion was not registered with the State of Ohio, nor with Jackson, County, thereby making it illegal to serve the Defendant.

2) In order to reach the residence where this process server wanted to contact the Defendant, he trespassed on private property that had a sign at the entrance to a long driveway clearly stating that no trespassing was permitted. He ignored the sign, breaking the law, and trespassed on the property. A police complaint was filed.

3) Upon reaching the house, the process server opened the front door and broke the threshold and called out to see if anyone was home, clearly in violation of the laws of the city, county and State of Ohio. A police complaint was also filed on this violation.

4) When the Defendant, Stephen Komorek's estranged wife living separate and apart from him for well over a year and a half, heard the intrusion on her home, she confronted the process server, and informed him, quite explicitly, that Stephen Komorek did not live there, had not ever lived there, and explained that this was her residence and not Defendant's office nor residence.

5) The process server dropped the documents on the floor and stated, "Well, next time you see him, give him these papers." The process server then stated, "No worries, I will get him served.

6) Several days later, by regular mail, a package was received at this same address presumably containing the same documents.

7) The process server then falsely claimed that the Defendant, Stephen Komorek had been served at his residence, when it had been specifically stated that the Defendant did not and had been a resident there.

8) At no time relevant to the present cause of action was the Defendant's wife associated with the Defendant's business, nor was the house in which she lived ever used as an office for the Defendant's business.

9) On July 13, 2023 when Attorney McCallion filed the claim for service, the Defendant's attorney, sent Attorney McCallion an email explaining the illegalities and errors of his process server and demanded that the service be voluntarily removed.

10) When Attorney McCallion did not take the necessary action to remove the claim for service, a letter, (attached hereto as Exhibit A), reiterating the same statements as the email from July 13 was personally served on him by a special process server.

11) Even after Attorney McCallion received these two notices informing him and proving to him that the information he provided was erroneous and false, Attorney McCallion took no steps to remove the claim he knew to be untrue, thereby knowingly providing false and fraudulent statements to this Court.

The Federal Rules of Civil Procedure clearly state:

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The actions of the process server are indefensible. First, he was not registered with the State of Ohio as required by state law.

Second, the process server clearly trespassed on private property that was clearly marked, an action specifically forbidden by state law.

Third, the process server clearly violated the state law by intruding into an occupied residence, while trespassing on private property that is clearly marked.

Fourth, the process server was informed that he was at a property that was not the residence of the Defendant, and the process server obviously acknowledged this when he stated, "I will get him served."

Fifth, process can not be served by regular mail, especially, knowing that the address was not the residence, abode or office of the Defendant.

Even after all this, the Defendant knowingly and falsely stated that service had been perfected.

    Initially, it can be argued that Attorney McCallion did not know of the illegalities and improprieties and false statements of the process server. However, there can be no denying that he was informed of these issues, the falsification, and the illegalities on two separate occasions and by not taking the steps to correct these action immediately, it is clear that he is continuing to stand behind the false service and perpetuating this falsehood to the Court. Wherefore, Defendant, Stephen Komorek, moves this Honorable Court to vacate the false and fraudulent service that has been filed by Attorney McCallion, plus sanctions, attorney fees and all other relief that is proper and appropriate by law.

Wherefore, Defendant, Stephen Komorek, moves this Honorable Court to vacate the false and fraudulent service that has been filed by Attorney McCallion, plus sanctions, attorney fees and all other relief that is proper and appropriate by law.

                                                Respectfully Submitted:

                                                /s/ William G. Knapp III

                                              William G. Knapp III
                                              Attorney at Law
                                              2548 Blue Mountain Trail
                                              Lyons, Colorado, 80540
                                              WGJK3@aol.com

# Exhibit A

# WILLIAM G. KNAPP, III
**Attorney At Law**
**Licensed in Colorado and Ohio**

**2548 Blue Mountain Trail**
**Lyons, Colorado**                                    Mobile: (937) 477-4057
**EMAIL: WGJK3@aol.com**


Kenneth F. McCallion                                    July 13, 2023
Attorneys for Plaintiffs
100 Park Avenue – 16th floor

New York, New York 10017 (646) 366-0884


Dear Mr. McCallion:

    I represent Stephen Komorek in a very limited capacity at present. I have been retained to address the ineffective, service that was dropped off, illegally, at the residence of his estranged wife this past Saturday. At present, I do not represent Mr. Komorek on the pending lawsuit in New York, nor in any other matter. Also, I am not authorized to accept service for my client or waive service under the Rules of Civil Procedure of the United States District Court For The Southern District of New York.

    Please be advised that your "process sever" in Ohio did not perfect service on my client. There are several matters at issue here. First, under the Civil Rules in Ohio, a process server must be registered before he or she is able to serve documents from the Court. It is my understanding that your representative is not. Second, the person that dropped off the paperwork trespassed on private property, ignoring the signs that were plainly and visibly posted at the entrance to the property. Third, the individual who attempted the perfection of service opened the front door to the residence and entered enough to be considered piercing the threshold of the residence and yelled "is anyone home", clearly a criminal act. The local Sheriff's office has a complaint filed on this matter that is still under consideration for criminal charges. As I understand it, the Sheriff has advised the company the individual works for that this will not be tolerated and that any further infractions will be charged appropriately, he was also advised not to return to the property, or he will be arrested. Finally, this person who dropped off the paperwork was specifically advised that my client does not live there and that he has not been a resident there for well over a year. After being advised of this fact, according to my client's

estranged wife, the person stated something to the effect that "I will get him served sooner or later," and then continued by stating, "If you see him, please give him this paperwork."

My assumption is that you were unaware of these facts until now.  However, now that you know this, you demand that you retract the service that was falsified by the company you hired, as soon as possible.  Failure to do so will require that we file the appropriate paperwork with the Court and ask for the appropriate action to be taken.

Should you have any questions relating to this, please feel free to contact me.

Thank you for your anticipated cooperation on these matters.


Sincerely,



William G. Knapp, III


cc. File