```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TREVOR SHAPIRO, et al.,                                     :
                                     Plaintiffs,            :    23 Civ. 3964 (LGS)
                                                            :
                     -against-                              :    ORDER
                                                            :
TRUDY JACOBSON, et al.,                                     :
                                     Defendants.            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Order issued August 7, 2023, scheduled a case management conference for August 23, 2023.

WHEREAS, on July 13, 2023, Plaintiffs filed proof of service on Defendant Stephen Komorek. The proof of service states that on July 8, 2023, Michael Kraft left the summons at Komorek's residence or usual place of abode in Wellston, Ohio with "WIFE SARAH." It further states that Kraft "delivered the documents to WIFE SARAH who identified themselves as the subject's spouse, co-resident with identity confirmed by subject stating their name . . . [and] accepted service with direct delivery."

WHEREAS, on July 28, 2023, Komorek filed a motion to vacate the proof of service and for sanctions against Plaintiffs' counsel. On August 4, 2023, and on August 15, 2023, he filed three additional letters in support of his motion. In substance, he argues that service was improper under Ohio law because Mr. Kraft is not a registered process server, because there is a no trespassing sign present at 3183 Lesmil Road and because Komorek has never lived at Wellston address.

WHEREAS, Federal Rule of Civil Procedure 4(e) states "an individual . . . may be served . . . by: (1) following state law for serving a summons in an action brought in courts of general

jurisdiction in the state . . . where service is made; or (2) doing any of the following: . . . (B) leaving a copy . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion." "Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986); *accord Zappin v. Schorr*, No. 22 Civ. 2034, 2023 WL 2601578, at *8 (S.D.N.Y. Mar. 22, 2023). "A wooden reading of the rule would ignore its purpose: to insure that service is reasonably calculated to provide a defendant with actual notice of the action." *United States v. Mellon*, 719 F. App'x 74, 76 (2d Cir. 2018) (summary order). "Although the terms dwelling and usual place of abode have eluded any hard and fast definition, we have recognized that a person can have two or more dwelling houses or usual places of abode, provided each contains sufficient indicia of permanence." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order).

WHEREAS, for purposes of service, residence is a question of fact. *See Mellon*, 719 F. App'x at 76 (reviewing a determination of proper service under Rule 4(e) under the clear error standard). The record presented in connection with Komorek's motion is insufficient to conclude that Komorek currently resides at the Wellston address. Komorek offers sworn testimony from himself and his wife that Komorek does not live and has never lived at the Wellston address. In response, Plaintiffs offer sworn testimony from Mr. Kraft that when was effectuating service, Ms. Komorek informed him that Mr. Komorek lives at Wellston address. Mr. Kraft's affidavit states that Mrs. Komorek characterized Komorek as "officially still liv[ing] there, and that . . . [Komorek] would stay in a motel up in Columbus every now and then." The Second Circuit has declined to credit a defendant's testimony regarding their own residence when given countervailing evidence such as the defendant's ownership of the residence, their

affirmative use of the address in other contexts such as bank accounts, driver's licenses and other legal proceedings, and the remodeling of a residence to fit their needs.  *See Mellon*, 719 F. App'x at 77; *Nat'l Development Co. v. Triad Holding Corp.*, 930 F.3d 253, 258 (2d Cir. 1991).  Such a record does not exist here and Plaintiffs do not offer sufficient indicia of Komorek's permanent residence at the Wellston address.

WHEREAS, Plaintiffs also note that Komorek was served at the Wellston address in another civil action pending in this District, and Komorek has appeared in that case without contesting service.  *See* Proof of Service, *Conflict Int'l v. Komorek*, No. 23 Civ. 2165, Dkt. 26 (S.D.N.Y. June 22, 2023).  The failure to object to service is not evidence of Komorek's current residence at the address.   Plaintiffs finally note that on information and belief, the Wellston address is the business address for API International Consulting Group, Inc., a business which Komorek operates.  A business address does not establish Komorek's residence for purposes of Rule 4(e)(2).  *See Allstate Ins. Co. v. Abramov*, No. 16 Civ. 1465, 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019).

WHEREAS, Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time."  The Complaint was filed on May 12, 2023.  It is hereby

**ORDERED** that service on Komorek is **VACATED**.  Plaintiff shall serve Komorek by **September 12, 2023.**  It is further

**ORDERED** that Komorek's request for sanctions is **DENIED** as he provides no basis to conclude sanctions are warranted.  It is further

**ORDERED** that the case management conference scheduled for August 23, 2023, is

**ADJOURNED** to **September 21, 2023**, at **4:10 P.M.**  The conference will be telephonic and will take place on the following line: 888-363-4749; access code: 558-3333.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 22, 26, 27 and 32.

Dated: August 21, 2023
      New York, New York

                                       **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**