UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TREVOR SHAPIRO, et al.,
                Plaintiffs,
         -against-                          23 Civ. 3964 (LGS)

TRUDY JACOBSON, et al.,                     ORDER
                               Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, on September 19, 2023, Plaintiffs filed a motion for alternative service on Defendant Komorek by his business and personal email accounts, his attorney, his social media accounts, and his personal phone number. On September 21, 2023, Defendant filed a motion to dismiss for lack of prosecution.

WHEREAS, Defendant's prior motion to dismiss for lack of prosecution, filed on September 13, 2023, was denied without prejudice, pending the conferenced scheduled for October 11, 2023, at 4:10 P.M.

WHEREAS, Plaintiffs have been unable to serve Defendant through traditional methods of service.

WHEREAS, Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an individual in the United States according to the laws of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). In New York, when traditional methods of service, like personal service or so-called "nail and mail" service, prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Experience Hendrix, LLC v. Hendrix*, No. 17 Civ. 1927, 2020 WL 6891519, at *2 (S.D.N.Y. Nov. 23, 2020).

WHEREAS, the Court may permit service by any other method that complies with constitutional due process by being "reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action and afford them an opportunity to present their objections." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). "[S]ervice by email . . . comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Nochimson v. Oasis Luxe Mgmt. & Co. Inc.*, No. 22 Civ. 7197, 2023 WL 2403260, at *2 (S.D.N.Y. Mar. 8, 2023) (citation omitted). Courts have found the use of social media and email to be reasonable alternative means of service "where the defendants already have actual knowledge of the suit." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Civ. 9848, 2022 WL 1088567, at *3 (S.D.N.Y. Apr. 5, 2022); *accord Hardin v. Tron Found.*, No. 20 Civ. 2804, 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) (authorizing service by email and LinkedIn).

WHEREAS, Plaintiffs have shown the impracticability of serving Mr. Komorek through traditional means of service. Despite having actual notice of this action and filing several motions through his attorney, Mr. Komorek has refused to provide an address for service, and Plaintiffs have been unable otherwise to locate him. *See Tishman v. The Associated Press,* No. 05 Civ. 4278, 2006 WL 288369, at *1 (S.D.N.Y. Feb. 6, 2006) (finding service impracticable after defendant "despite being in communication with . . . plaintiff through his attorneys, refuse[d] to disclose his current residence or place of business.").

WHEREAS, Plaintiffs have demonstrated that an email is likely to reach Mr. Komorek, as the personal email is listed online on Mr. Komorek's active membership with World Association of Detectives. Service through Mr. Komorek's active and public Instagram and Facebook pages also is an appropriate alternative means of service. Taken together, service through email and social media are reasonably calculated to "apprise [Mr. Komorek] of the pendency of the action" -- to the degree he is not already aware -- "and afford [him] an

opportunity to present [his] objections." *Sirius XM Radio Inc*, 339 F.R.D. at 593.  The other alternative methods of service proposed by Plaintiffs in their motion thus are not needed to supplement service by email and social media.  It is hereby

**ORDERED** that Plaintiffs' motion for alternative service on Mr. Komorek is **GRANTED**.  Plaintiffs shall serve Mr. Komorek through emails sent to skomorek@apiconsultinggroup.com, and any other email addresses connected to Mr. Komorek, as well as through communications made via Instagram and Facebook.  It is further

**ORDERED** that Defendant's motion to dismiss for lack of prosecution is **DENIED** without prejudice, pending the conference scheduled for October 11, 2023.  It is further

**ORDERED** that Plaintiffs shall file proof of service by **October 10, 2023**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 38 and 40.

Dated: October 4, 2023
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**