UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
TREVOR SHAPIRO, :
:
Plaintiff(s), :
:
-against- :
:
: 23 Civ. 3964 (LGS)
:
TRUDY JACOBSON & STEPHEN KOMOREK, :
:
Defendant(s), :
---------------------------------------------------- x

DEFENDANT KOMOREK'S REQUEST FOR REASONABLE ACCOMMODATIONS

## I. INTRODUCTION

Pursuant to this Court's Order of April 15, 2026 (Dkt. 144), Defendant Stephen Komorek respectfully requests disability-related accommodations for all proceedings in this matter, including trial. This request is submitted through the Court's accommodation process and in reliance on the inherent authority of the Court to ensure that all parties have a meaningful opportunity to participate in judicial proceedings.

Mr. Komorek is a combat veteran rated at 100% total and permanent disability by the Department of Veterans Affairs, with an effective date of January 2, 2015. His service-connected disabilities include Post-Traumatic Stress Disorder (PTSD), Traumatic Brain Injury (TBI), and anxiety disorder. He also utilizes a trained psychiatric service dog. Official documentation of his disability status is attached as Exhibit A.

The accommodations requested below are narrowly tailored to the functional limitations caused by those disabilities. Mr. Komorek is available to provide supporting documentation to the Court's ADA Coordinator or for in camera review, and to confer with the Court or counsel regarding any aspect of this request.

## II. DISABILITY BACKGROUND

As confirmed by the attached VA Benefit Summary and Service Verification Letter dated April 21, 2026 (Exhibit A), Mr. Komorek's combined service-connected evaluation is 100%. He is classified as totally and permanently disabled due solely to service-connected disabilities, effective January 2, 2015. The relevant functional limitations are:

1. PTSD: causes hypervigilance, avoidance responses, and significant difficulty functioning in high-stimulus, crowded, or adversarial environments;
2. TBI: causes deficits in short-term memory, sustained concentration, and real-time cognitive processing, directly affecting the ability to track and respond to proceedings as they unfold; and
3. Anxiety disorder: service-connected; exacerbated by adversarial proceedings and unpredictable or rapidly changing environments.

Mr. Komorek also utilizes a trained psychiatric service dog whose task-specific functions directly mitigate the functional limitations described above.

## III. REQUESTED ACCOMMODATIONS

Mr. Komorek requests the following accommodations for all proceedings in this action. Each is described with the specific functional limitation it addresses.

A. Remote Appearance by Video Teleconference (Primary Request)

Mr. Komorek requests permission to appear by video teleconference for all proceedings, including pretrial hearings, jury selection, and trial. This is his primary accommodation request.

The basis for this request is fourfold. First, his PTSD and TBI are significantly exacerbated by the environment of a busy federal courthouse, impairing his ability to process information and respond effectively during live proceedings. Second, he resides in Franklin, Ohio; repeated travel to Manhattan imposes a substantial logistical burden that is compounded by the need to arrange service-animal-accessible transportation and lodging. Third, all depositions taken in this action have been conducted by video, establishing remote participation as the norm for this litigation. Fourth, this Court has already designated the August 12, 2026 pretrial conference as telephonic (Dkt. 144, ¶ 4), further confirming that remote participation is feasible and consistent with the conduct of this case.

Mr. Komorek recognizes that VTC participation in jury selection and trial raises procedural considerations and is prepared to confer with the Court and opposing counsel regarding any protocols the Court may wish to establish for exhibits, objections, and witness examination.

If the Court determines that full VTC participation is not appropriate for all proceedings, Mr. Komorek respectfully requests that the Court permit remote participation to the maximum extent practicable.

B. Service Animal Access

Mr. Komorek requests that his trained psychiatric service dog be permitted to accompany him throughout all proceedings, whether conducted in person or by VTC. The service animal is individually task-trained and will remain under Mr. Komorek's control at all times.

C. Additional Processing Time

Due to TBI-related deficits in working memory and cognitive processing speed, Mr. Komorek requests that the Court allow a brief additional pause before requiring him to respond to questions or rulings, or to formulate objections during proceedings. This accommodation should not be construed as delay, hesitation, or waiver.

D. Short Recesses on Request

Mr. Komorek requests the ability to request brief recesses of approximately five to ten minutes as needed to manage PTSD and anxiety symptoms during proceedings. No adverse inference should be drawn from such a request.

E. Written Confirmation of Oral Rulings and Instructions

Due to TBI-related short-term memory impairment, Mr. Komorek requests that significant oral rulings and instructions be confirmed in written form—either provided contemporaneously or reflected in the Court's subsequent written orders—so that he can comply with them accurately.

F. Advance Notice of Scheduling Changes

Mr. Komorek requests that, to the extent practicable, the Court and parties provide advance notice of any changes to the schedule. Sudden or unexpected scheduling changes significantly impair his ability to prepare, given the functional effects of his PTSD and TBI.

G. Accessible Facilities (If In-Person Attendance Is Required)

Should any proceeding require in-person attendance, Mr. Komorek requests advance confirmation of accessible restroom facilities, courtroom seating, and building entry and exit routes at the courthouse, including routes suitable for use with a service animal.

## IV. BASIS FOR REQUEST

Federal courts provide disability-related accommodations under Judicial Conference policy and the inherent authority of the Court to manage its proceedings in a manner that ensures fairness and meaningful participation. The SDNY Clerk's Office accommodation process reflects this framework. Mr. Komorek submits this request through that process.

The accommodations requested are practical and narrowly tailored. Remote appearance by VTC is already in use in this case. Service animal access, additional processing time, and short recesses impose no burden on the Court or opposing parties. Written confirmation of oral rulings benefits the record generally. Each requested accommodation directly addresses a specific, documented functional limitation.

Mr. Komorek is not requesting accommodations that would alter the substance of these proceedings or advantage him relative to opposing parties. He is requesting the procedural conditions necessary for him to participate on the same effective basis as a litigant without his disabilities.

## V. SUPPORTING DOCUMENTATION

In support of this request, Mr. Komorek submits:

1. Exhibit A: VA Benefit Summary and Service Verification Letter, April 21, 2026, confirming 100% combined service-connected evaluation, total and permanent disability, effective January 2, 2015.

2. Service dog task-training and certification documentation, available upon request.

3. VA medical records addressing the functional limitations identified above, available for in camera review upon the Court's direction.

## VI. CONCLUSION

Mr. Komorek respectfully requests that the Court grant the accommodations described above. He is available to provide additional documentation, to consult with the Court's ADA Coordinator, or to supplement this request as the Court may direct.

Respectfully submitted,

Stephen Komorek
Defendant, Pro Se
Dated: April 21, 2026

CERTIFICATE OF SERVICE

I hereby certify that on this day, April 21, 2026, a complete copy of the foregoing instrument has been served upon the following counsel of record: Alexander Kline, aklein@barketepstein.com, Attorney for Defendant Trudy Jacobson; Christopher Roesch Neff, cneff@mcgsllp.com, and James Wesley Bearden, wes@beardenlawfirm.com, both representing Third Party Defendant Conflict International, Inc.; and Kenneth Foard McCallion, kfm@mccallionlaw.com, Attorney for the Plaintiffs.

Stephen Komorek
Pro Se

# EXHIBIT A

VA Benefit Summary and Service Verification Letter

United States Department of Veterans Affairs — April 21, 2026

Claimant: Stephen John Komorek

Combined Service-Connected Evaluation: 100%

Totally and Permanently Disabled: Yes

Effective Date: January 2, 2015

*[VA Benefit Summary Letter follows on next page]*