UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR SHAPIRO,

                              Plaintiff,

            -against-

TRUDY JACOBSON & STEPHEN
KOMOREK,

                              Defendants.

23 Civ. 3964 (LGS)

ORDER GRANTING FULL SCOPE
PRO BONO COUNSEL

LORNA G. SCHOFIELD, United States District Judge:

The Court respectfully directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of settlement discussions, pretrial proceedings and trial in the above-captioned action on behalf of Defendant Stephen Komorek ("Defendant"). Counsel will file a Notice of Appearance as Pro Bono Counsel.

## I.     BACKGROUND

Plaintiff Trevor Shapiro brings claims against Defendants Trudy Jacobson and Stephen Komorek. The operative First Amended Complaint (the "Complaint") alleges that Shapiro was engaged in a romantic relationship with Jacobson, which soured. *See Shapiro v. Jacobson*, No. 23 Civ. 3964, 2024 WL 3675943, at *1 (S.D.N.Y. Aug. 5, 2024). The Complaint alleges that Jacobson engaged in "a campaign to harass, damage and defame" Shapiro after the end of that relationship. *Id.* The Complaint alleges that, as part of that campaign, Jacobson paid $1.8 million to an investigative agency called Conflict International to conduct certain private investigations of Shapiro and his friends. *Id.* According to the Complaint, Defendant Komorek was, at the time, senior vice president of Conflict International and was involved in the private investigations. *Id.* The Complaint alleges that Defendants and/or their agents, among other things, caused articles to be published containing false allegations about Shapiro and shared

those articles with Shapiro's business contacts -- all of which damaged Shapiro's modeling career and other business prospects.  *Id.* at *2.

Following summary judgment, one claim remains for trial:  Plaintiff's claim for tortious interference with Plaintiff's business relations with Joseph DeAcetis, a fashion designer in New York City.  *See Shapiro v. Jacobson*, No. 23 Civ. 3964, 2026 WL 851481, at *1 (S.D.N.Y. Mar. 26, 2026).  Trial is scheduled in this action to begin August 24, 2026, with pre-trial deadlines beginning June 9, 2026.  At a conference conducted on April 14, 2026, Defendant Komorek orally requested the appointment of pro bono counsel.

## II.    LEGAL STANDARD

The *in forma pauperis* statute states that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant.  *Id.*  Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to appoint counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by

successfully applying for leave to proceed *in forma pauperis*.  The court must then consider

whether the litigant's claim "seems likely to be of substance," *id.* at 61 -- "a requirement that

must be taken seriously," *id.* at 60.  If these threshold requirements are met, the court must next

consider such factors as:

> the indigent's ability to investigate the crucial facts, whether a, the indigent's
> ability to present the case, the complexity of the legal issues[,] and any special
> reason in that case why appointment of counsel would be more likely to lead to a
> just determination.

*Id.* at 61-62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including

litigant's efforts to obtain counsel).  In considering these factors, district courts should not apply

bright-line rules.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each

application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## III.   DISCUSSION

Defendant has filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court has

reviewed.  The Court is satisfied that Defendant qualifies as indigent.

On consideration of the *Hodge* factors, it is appropriate to request pro bono counsel for

Defendant Komorek.  Following Defendants' motion for summary judgment, the sole claim

remaining for trial is that Defendants tortiously interfered with Plaintiff's business relations with

Joseph DeAcetis, a fashion designed in New York City.  *See Shapiro v. Jacobson*, No. 23 Civ.

3964, 2026 WL 851481, at \*2, \*5 (S.D.N.Y. Mar. 26, 2026).  The Court finds that Defendant's

defenses are "likely to be of substance."  *Hodge*, 802 F.2d 61.  The Court finds that the other

*Hodge* factors also weigh in favor of granting Plaintiff's application.  In particular, material

factual disputes precluded summary judgment, indicating that "conflicting evidence implicating

the need for cross-examination will be the major proof presented to the fact finder."  *Id.* at 61-62.

Without counsel, Defendant may be constrained in his "ability to present" his defenses, both with

3

respect to pre-trial motion practice and trial.  *Id.* at 62.  In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Application for the Court to Request Counsel is granted.  The Court advises Defendant that the process for securing pro bono representation can be lengthy.  The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation.  For all these reasons, some time may pass before a litigant is contacted by an attorney.  The Court requests that the Defendant respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Defendant should be prepared to proceed with the case pro se.

**SO ORDERED.**

Dated: April 23, 2026
　　　New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4