UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
:
TREVOR SHAPIRO,                                :
                                    Plaintiff,     :
                                                   :          23 Civ. 3964 (LGS)
                    -against-                       :
                                                   :          ORDER
TRUDY JACOBSON & STEPHEN             :
KOMOREK,                                          :
                                    Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Stephen Komorek filed a Request for Reasonable

Accommodations.  Plaintiff opposes the request.

WHEREAS, Komorek's primary request is to appear remotely for all proceedings,

including pretrial hearings, jury selection, and trial.  This request is denied.  In addition to

appearing pro se, Defendant Komorek is likely to appear as a witness at trial in this case.  Federal

Rule of Civil Procedure 43(a) states that "[f]or good cause in compelling circumstances and with

appropriate safeguards, the court may permit testimony in open court by contemporaneous

transmission from a different location."  Fed. R. Civ. P. 43(a); *see Rodriguez v. Gusman*, 974

F.3d 108 (2d Cir. 2020).  "Rule 43 reflects a strong preference for in-person testimony 'so that

there will be an opportunity for live cross-examination and observation of the demeanor of the

witness.'"  *Goodman v. Goodman*, No. 1:21 Civ. 10902, 2026 WL 18630, at *3 (S.D.N.Y. Jan. 2,

2026) (quoting *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1973)).  Given the

importance of the jury's ability to assess witness credibility, good cause does not exist to permit

remote appearance.

WHEREAS, Komorek requests, in the alternative, use of a service animal and confirmation of accessible facilities.  The Court's Accessibility Office will coordinate with Komorek directly regarding these requests.

WHEREAS, Komorek additionally requests additional processing time, short recesses on request, written confirmation of significant oral rulings and instructions, and advance notice of scheduling changes.  These requests will be addressed to the extent necessary at the Final Pretrial Conference scheduled for August 12, 2026.

WHEREAS, Plaintiff filed a letter opposing Komorek's requests, including as an exhibit the entire 141-page transcript of Komorek's deposition in this case.  Individual Rule I.B.1 states that "[u]nless otherwise ordered by the Court, all communications with Chambers shall be by letter, not to exceed 750 words."  Plaintiff's letter exceeds 750 words.  Further, Individual Rule III.B.3 states that parties' exhibits in opposing motions may not exceed fifteen pages.

WHEREAS, the Opinion & Order entered March 26, 2026, noted that the parties had exceeded the Court's exhibit page limits in the summary judgment filings in this case and directed the parties "to review carefully the Individual Rules, as future noncompliance will result in the noncompliant documents being stricken."  It is hereby

**ORDERED** that Defendant Komorek's application to attend jury selection and trial remotely is **DENIED**.  The Final Pretrial Conference scheduled for August 12, 2026, remains telephonic. Defendant's remaining requests will be addressed at a later date as stated above.  It is further

**ORDERED** that Plaintiff's letter at Dkt. 151 and the supporting exhibit is stricken.

The Clerk of Court is respectfully directed to strike the document and exhibit at Dkt. 151.

Dated: April 27, 2026
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**